UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL BUXBAUM,

                Plaintiff,

-against-

MARIANNE BONACORSO,

                Defendant.

25-CV-1060 (JGLC)

**ORDER OF DISMISSAL**

JESSICA G. L. CLARKE, United States District Judge:

    Plaintiff Michael Buxbaum filed this action on February 5, 2025. ECF No. 1. Plaintiff subsequently filed a First Amended Complaint on March 3, 2025. ECF No. 10. Two days later, on March 5, 2025, the Court issued an Order to Show Cause, explaining that Plaintiff had failed to state the basis for the Court to assert subject matter jurisdiction. "Plaintiff names no applicable federal question," the Court wrote, and failed to "provide adequate information for the Court to determine whether diversity jurisdiction appropriately applies." ECF No. 9 at 1. Over the next two months, Plaintiff filed multiple affidavits asserting the grounds for the Court to assert diversity jurisdiction. *See* ECF Nos. 12, 13.

    On April 24, 2025, Plaintiff filed a Second Amended Complaint. ECF No. 17. Five days later, on April 29, 2025, Plaintiff requested that the Second Amended Complaint serve as the operative complaint in this case. ECF No. 18. He also submitted numerous letters requesting that the Clerk of Court sign and seal the summons for service upon Defendant. *See* ECF Nos. 19, 20. On June 11, 2025, the Court directed the Clerk of Court to issue the requested summons, and on June 12, 2025, the Clerk of Court issued the summons. ECF Nos. 21, 22.

    Months passed without Plaintiff providing any proof of service. So, on October 3, 2025, the Court ordered Plaintiff to file, by October 16, 2025, proof of service of the Complaint on

Defendant. *See* ECF No. 23 (citing Fed. R. Civ. P. 4(m), 4(l)(1)). The Order directed Plaintiff to "show cause why this case should not be dismissed without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)." *Id.* To date, Plaintiff has not filed any response to the Court's October 3 Show Cause Order.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a district court may dismiss an action if "the plaintiff fails to prosecute or otherwise comply with [the] rules or a court order." Fed. R. Civ. P. 41(b); *see also Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014). Under Rule 41(b), a district court may dismiss an action *sua sponte* for failure to prosecute after notifying the plaintiff. *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). A district court considering dismissal under Rule 41(b) must weigh five factors: (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *Baptiste*, 768 F.3d at 216. No single factor is generally dispositive. *Id*

Here, the factors weigh in favor of dismissal. This Court has provided Plaintiff with ample opportunity to resume litigating this action. The summons was issued to Plaintiff more than four months ago; weeks have passed since the Court's Show Cause Order. Plaintiff's delay will continue to prejudice Defendant, who may not even be aware that Plaintiff has commenced this action. It does not appear that any other available (or lesser) sanctions would prove effective in compelling Plaintiff's attention to the action he himself instituted. Moreover, the Court already attempted to balance Plaintiff's opportunity to be heard with the management of its

docket by first providing an opportunity for Plaintiff to explain his delay in failing to prosecute this case. In short, because the Court has not received any response from Plaintiff, including any indication that he intends to pursue this case, dismissal pursuant to Federal Rule of Civil Procedure 41(b) is appropriate.

Based on the foregoing, IT IS HEREBY ORDERED that this action is dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Clerk of Court is respectfully directed to terminate all pending motions and to close this case.

Dated: October 22, 2025
New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge